**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**NOAH A. LAZORE,**

                **Plaintiff,**                **1:08-CV-350
                                                                          (GLS/DRH)**

                **v.**

**IMMIGRATION AND CUSTOMS
ENFORCEMENT; DEPARTMENT OF
TAXATION AND FINANCE AND
PETROLEUM AND ALCOHOL AND
TOBACCO;** *and* **BRIAN FISCHER,**
*Commissioner of the Department of
Correctional Services***,**

                **Defendants.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFF:**

NOAH A. LAZORE
*Pro Se*
76-B-1950
Cayuga Correctional Facility
P.O. Box 1186
Moravia, NY 13118

**FOR DEFENDANTS:**

HON. ANDREW T. BAXTER         BARBARA D. COTTRELL
Acting United States Attorney       Assistant U.S. Attorney
445 Broadway
218 James T. Foley Courthouse
Albany, NY 12207-2924

**Gary L. Sharpe**
**U.S. District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

*Pro se* inmate Noah A. Lazore ("Lazore") brings this action seeking, *inter alia*, reversal and expungement of an unfavorable determination rendered at his November 13, 2007 prison disciplinary proceeding. (See Dkt. No. 1.) Pending is U.S. Immigration and Customs Enforcement's ("ICE") motion to dismiss under FED. R. CIV. P. 12(b)(6) and (c), or alternatively, for summary judgment pursuant to FED. R. CIV. P. 56. (See Dkt. No. 4.) For the reasons that follow the motion to dismiss is granted, ICE is dismissed as a party to this action, and the remainder of the action is remanded to New York State Supreme Court, Albany County.

## II. Facts and Procedural History[1]

On November 5, 2007, Lazore was issued a prison misbehavior

---

[1] The court derives the facts from Lazore's complaint. The government has submitted a supplemental affidavit from ICE special agent A. Mario Fiacco, which provides greater detail as to ICE's involvement in the matters at issue. (See Dkt. No. 4:4.) However, the court declines to consider this affidavit, as it was not attached to or referenced in the complaint, and is thus not properly before the court on a motion to dismiss. Further, the court declines to convert the motion to one for summary judgment, as the court has not provided Lazore with advance notice that the motion will be so treated.

report which charged him with smuggling, counterfeiting or forgery, facility correspondence violations and facility package violations.  These charges were prompted by an incriminating letter ICE agents seized from Lazore's niece, Ann Jackson ("Jackson"), after searching her vehicle at the U.S. border entry in Massena, New York.  In the letter, Lazore apparently detailed how Jackson could smuggle untaxed cigarettes into prison for Lazore using included tax stamps removed from taxed cigarette packages.  On November 13, 2007, a prison disciplinary hearing was held, at the conclusion of which Lazore was found guilty of all charges.

In February of 2008, Lazore filed a verified petition in New York State Supreme Court, Albany County, pursuant to N.Y. C.P.L.R. Article 78, seeking, *inter alia*, to have the unfavorable determination rendered at his November 13th hearing vacated.  In March of 2008, ICE removed the action to this court pursuant to 28 U.S.C. §§ 1346(b) & 1446(a).

### III.  Standard of Review

The standards of review under FED. R. CIV. P. 12(b)(6) and 12(c), are well established and will not be repeated here.  For a full discussion of the standards, which are identical, the court refers the parties to its decision in *Dixon v. Albany County Bd. of Elections*, No. 1:08-CV-502, 2008 WL

3

4238708, at *2 (N.D.N.Y. Sept. 8, 2008).

## IV. Discussion

Lazore principally contends that he is entitled to the relief he seeks because the incriminating letter used against him at his prison disciplinary proceeding was seized by ICE in violation of Jackson's Fourth Amendment rights. However, it is well established that a plaintiff may only challenge a search or seizure which violates his own constitutional rights. *See United States v. Salvucci*, 448 U.S. 83, 86-87 (1980) (stating "attempts to vicariously assert violations of the Fourth Amendment rights of others have been repeatedly rejected by this Court"). Thus, insofar as Lazore is attempting to vindicate a purported violation of Jackson's rights by ICE, he has no standing to do so.

To the extent Lazore contends that ICE's actions violated his own Fourth Amendment rights, his argument also fails. A search or seizure may only be challenged as unconstitutional where the plaintiff has a reasonable expectation of privacy in the premises searched or property seized. *See Rakas v. Illinois*, 439 U.S. 128, 143 (1978). Here, Lazore lost any expectation of privacy in the incriminating letter he sent to Jackson once it was delivered to her. *See, e.g., United States v. Dunning*, 312 F.3d

4

528, 531 (1st Cir. 2002) (stating "if a letter is sent to another, the sender's expectation of privacy ordinarily terminates upon delivery"); *United States v. King*, 55 F.3d 1193, 1195-96 (6th Cir. 1995) (same); *United States v. Knoll*, 16 F.3d 1313, 1321-22 (2d Cir. 1994) (same).  Accordingly, as Lazore lacks standing to challenge ICE's search and seizure, and there is no indication that ICE was further involved in the events at issue here, ICE must be dismissed as a party to this action.  The remainder of Lazore's action is remanded to New York State Supreme Court, Albany County, as the court can perceive no cognizable federal claims as against the remaining state defendants.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Immigration and Custom Enforcement's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) and (c) (Dkt. No. 4.) is **GRANTED**; and it is further

**ORDERED** that Immigration and Custom Enforcement is **DISMISSED** as a party to this action; and it is further

**ORDERED** that the remainder of this action is **REMANDED** to New York State Supreme Court, Albany County, for all further proceedings; and

it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

**IT IS SO ORDERED.**

Albany, New York
Dated: December 15, 2008

Gary L. Sharpe
U.S. District Judge